## J. T. WARREN, ET AL., *v.* C. J. BLOCK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—121.]

**Husband and Wife.**

> Where the husband has abandoned his wife she has the right to sue in the husband's name, and at the instance of the wife the chancellor will interpose to prevent a creditor of the husband from depriving the family of the homestead.

**Surrender of Homestead.**

> When a husband abandons his family, leaving them in possession of the homestead, it is evidence of an intention on his part not to surrender his homestead.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 15, 1880.

OPINION BY JUDGE PRYOR:

It is manifest from the proof that the husband has abandoned his family, and the provisions of the code apply to the case as presented by the record. The wife has the right to sue in the husband's name, and the chancellor, under the circumstances, would interpose at the instance of the wife, in order to prevent the creditor of the husband from depriving the family of the homestead. The creditor has no interest in the homestead or the money given in lieu of it. The presumption is that the husband is still living, and in such a case the homestead is held regardless of the claims of creditors. The fact

of the husband leaving his family in possession is evidence of an in-
tention on his part not to surrender his homestead.

*Jas. S. Pirtle, for appellants.    Kohn & Barker, for appellees.*